IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT

FILED
2019 MAR 18 PM 12:59
CLERK, U.S. DISTRICT COURT

ROBERT FROST,

    Plaintiff,

v.

DEPARTMENT OF REHABILITATION
AND CORRECTION,

    Defendants.

JUDGE HELMICK

CASE NO. 3:19 CV 596

MAG. JUDGE JAMES R. KNEPP II

**COMPLAINT**

**JURY TRIAL DEMANDED**

### INTRODUCTION

This is a civil rights action filed by Robert Frost, a state prisoner, for damages under 42 U.S.C. §1983, alleging he was denied mental health services and to speak with a mental health professional doctor while he was held in a segregation cage and Plaintiff was having suicidal thoughts and tendencies. Additionally, Defendant was issued a false conduct report at the Allen Correctional Institution in violation of due process under the Eighth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(3) and (4). The matters in controversy arise under 42 U.S.C. §1983.

2. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this cause of action occurred at Allen Correctional Institution ("ACI") in Lima, Ohio, which is located in the Northern District of Ohio.

3. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the depravation, under color of state law, of the rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

4. At all times in which the constitutional violations occurred, all Defendant were at all relevant times herein, acting under color of state law within the meaning of §1983.

## PARTIES

5. The plaintiff, Robert Frost, is and was, at all times relevant hereto, a prisoner in the custody of the Department of Corrections (ODRC). At the time of the events relevant hereto, Frost was incarcerated at Allen Correctional Institution ("ACI") during the events described in this complaint.

6. Defendant, Department of Corrections was, at all relevant times hereto, responsible for operating and maintaining detention, penal, and corrective institutions within the State of Ohio. It is sued in its official capacity.

7. Defendant, John Doe Young, was at all relevant times hereto, employed as the Unit manager at the Allen Correctional Institution. He is sued in his official and individual capacity.

8. Defendant, Teara S. McGee-Edwards, was at all relevant times hereto, was employed as a Correctional Officer at the Allen Correctional Institution. She is sued in her official and individual capacity.

9. Defendant, John Doe Wagner, was at all relevant times hereto, was employed as a Correctional Officer at the Allen Correctional Institution. He is sued in his official and individual capacity.

10. Defendant, Jane Doe Dyer, was at all relevant times hereto, in charge of the Administrative Segregation Housing Unit at Allen Correctional Institution. She is sued in her individual and official capacity.

11. Defendant, Lt. Briley, was at all relevant times hereto, is the R.I.B. Chairman at the Allen Correctional Institution. Additionally, he is responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules. He is sued in his official and individual capacity.

12. Defendant, Sherri Schnipke, was at all relevant times hereto, is the Institutional Inspector and responsible for reviewing all Informal Complaint Resolutions filed by inmates at the Allen Correctional Institution including disposing grievances. She is sued in her Individual and official capacity.

13. Defendant, Major Bendross, was at all relevant times hereto, is the Chief of Security at the Allen Correctional Institution. He is sued in his individual and official capacity.

14. Defendant, T. Wright, was at all relevant times hereto, an employee in the mental health department which assist all inmates with mental health intervention and crisis. Wright assists inmates while detained in Administrative Segregation. She is sued in her individual and official capacity.

15. Officer Humphrey was at all relevant times hereto, was employed as a Correctional Officer at the Allen Correctional Institution. She is sued in her official and individual capacity.

16. All of the Defendants have acted, and continue to act under color of state law at all times relevant to this complaint.

## FACTS

17. On February 13, 2017, Corrections Officer McGee issued Robert Frost a false conduct report. The conduct report stated that he had exposed his fully erected penis to her.

18. On February 23, 2017, the Plaintiff was called by Lt. Briley to attend a R.I.B. hearing based upon the false conduct report issued by Officer McGee.

19. On February 23, 2017, without reason Lt. Briley placed Plaintiff in a segregation holding cell. Thereafter, Lt. Briley retired his work assignment for that day, and went home.

20. On February 23, 2017, after Lt. Briley left his duty in the Segregation Housing Unit, Plaintiff was denied lunch, bathroom breaks, and mental health intervention.

21. On February 23, 2017, Plaintiff requested other ACI staff members in SEG to speak with a mental health professional, after Lt. Briley left, because he was depressed and feeling suicidal, but was denied the opportunity to consult with Mental Health.

22. On February 25, 2017, Plaintiff filed an Informal Complaint Resolution ("ICR") with Major Carl Bendross due to ACI's staff member's denial of his request for mental health intervention due to his suicidal thoughts.

23. On February 28, 2017, Defendant Major Bendross' failure to take disciplinary or other actions to cease and desist the malicious and sadistic actions of Lt. Briley, Corrections

Officer Wagner, Sgt. Dyer, and Officer Humphrey against Plaintiff, constituted deliberate indifference and violated due process of law.

24. On February 28, 2017 Major Bendross failed to address Lt. Briley verbally assaulting Plaintiff on February 23, 2017.

25. On March 27, 2017, Plaintiff filed a Notification of Grievance ("NOG") to the Institutional Inspector regarding the denial of lunch, bathroom breaks, and mental health intervention due to him having suicidal thoughts and depression.

26. On February 23, 2017 Sgt. Dyer actions was inappropriate by not allowing Plaintiff to use the restroom, eat lunch, and see a mental health staff member, thereby, violating AR-5120-9-04.

27. On February 23, 2017, Lt. Briley willing and knowingly locked Plaintiff in the cage in SEG and leaving his post for the remainder of the day. Additionally, Briley was inappropriate in his actions and conduct by leaving Plaintiff in the cage while denying him to be feed his lunch, bathroom use, and mental health intervention.

28. On April 6, 2017 the Institutional Inspector disposed Plaintiff's Notification of Grievance. The complaint was denied on the basis of insufficient evidence to support his claims.

29. On April 20, 2017 Plaintiff appeal his ICR and NOG to the Chief Inspector in Columbus Ohio because of the denial of mental health services.

30. On August 8, 2017 the Chief Inspector in Columbus, Ohio affirmed the decision of the Institutional Inspector based upon the improper analysis that Plaintiff failed to comply with the time requirements set forth in AR-5120-9-31.

31. On August 10, 2017 Plaintiff started Constant/Suicidal Watch and hunger strike due to the defendant malicious and sadistic actions.

32. On August 14, 2017, Plaintiff talked to Mr. Creamer.

33. On August 14, 2017, Plaintiff talked to Ms. Hardwick.

34. On August 14, 2017, Plaintiff talked to Dr. Rigali.

35. On August 23, 2017 Plaintiff filed a Direct Grievance, No. ACI-03-14-000109 & CI-08-17-000029, to the Chief Inspector in Columbus, Ohio regarding his untimely appeal due to the delay in ACI's delay in sending him a NOG pursuant to the grievance policy, AR 5120-9-31.

36. On September 28, 2017 the Chief Inspector denied the direct grievance, a report which was sent to the Warden, but failed to give Plaintiff a copy of the report. (Grievance No. CI-08-17-000029)

37. On September 28, 2017 the Chief Inspector's report (Grievance No. CI-08-17-000029) to Plaintiff's grievance refutes some of the claims Plaintiff made. Notably, that he was denied mental health intervention. Additionally the Chief Inspector's decision was unsupported by the facts with credible evidence.

38. On May 8, 2018 Plaintiff set up for treatment meetings.

## EXHAUSTION

39. Plaintiff has exhausted all administrative available within the Department of Corrections, ODRC.

## CLAIMS FOR RELIEF

40. The actions of Officer McGee in issuing Plaintiff a false conduct report without need or provocation were done maliciously in violation of due process of law.
41. The actions of Lt. Briley in conducting a RIB hearing based upon a false conduct report that was issued by Officer McGee without any evidence to support the charge, violates due process of law in violation of the Fourteenth Amendment to the United States Constitution.

42. The actions of Lt. Briley in placing Plaintiff in segregation without reason, and leaving for the remainder of the day, was done maliciously and sadistically which constitutes cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.

43. The actions of Lt. Briley deliberately depriving Plaintiff lunch, bathroom breaks, and failure to take action to provide him with mental health intervention or treatment for his depression and suicidal state of mind deprived Plaintiff due process of law, which constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

44. The actions of Defendant Sgt. Dyer's inappropriate supervision in violation of AR 5120-9-04 was willingly, and knowingly allowing Lt. Briley to lock Plaintiff in a cage, thereafter, leaving him there for the remainder of the day was dons maliciously and sadistically constituted cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution.

45. The actions of Defendant Corrections Officer Wagner failure to intervene and take other actions to resolve the known mental health issues, notably depression, constituted deliberate indifference in violation of the Fourteenth Amendment to the United States Constitution.

46. Officer Humphrey is one of the first shift officers along with Officer Wagner, Sgt. Dyer that refused Plaintiff mental health intervention/service after stating to ACI staff that he was having suicidal thoughts/feeling.

47. The failure of Defendant, Sherri Schnipke, to take corrective action to curb the known pattern of punishing of inmates including Plaintiff by Lt. Briley constituted deliberate indifference, and contributed to a continuing cause of the above described violation of the Eighth Amendment and due process of law.

48. The failure of Chief Inspector to take action against Defendant, Lt. Briley, constitutes deliberate indifference to Plaintiff's serious mental health needs violation of the Eighth and Fourteenth Amendments to the United States Constitution.

49. The failure of the Chief Inspector on September 28, 2017 in its report to the Warden, James Haviland, failing to give Plaintiff a copy of the report to support his claim(s) in his grievance violates due process.

50. Defendant T. Wright, ACI mental health professional acted with deliberate indifference to Plaintiff's mental health needs. On February 23, 2017 she did not come to see Plaintiff to make an evaluation on his suicidal tendencies or make a reasonable assessment of his suicidal risk, nor notify any other mental health professional in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff requests that the court grant the following relief;

1) **Compensatory Damages:** $100,000 jointly and severally against Defendants Young, McGee-Edwards, Wagner, Dyer, Schnipke, Wright, and Bendross for mental, physical, and emotional injuries sustained as a result of Plaintiff being locked in the cage in segregation and deprived mental health intervention.

2) **Award punitive damages in the following amounts:** $50,000 against Defendants Briley, Wagner, Bendross, Wright, Dyer, and John Doe.

3) Grant such other relief as it may appear that Plaintiff is entitled.

Date: 3/12/2019

Respectfully submitted,

*Robert Frost*

Robert Frost, *pro se*, #347-011
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio 45802

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: __3/12/__, 2019.

*Robert Frost*

Robert Frost, *pro se*