UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Frost, *pro se*,

        Plaintiff,

v.

Ohio Department of Rehabilitation
And Correction, et al.,

        Defendants.

Case No. 3:19-cv-596

MEMORANDUM OPINION
AND ORDER

## I.    INTRODUCTION

Defendants the Ohio Department of Rehabilitation and Corrections ("ODRC"), John Doe Young, Teara McGee-Edwards, John Doe Wagner, Jane Doe Dyer, Lt. Briley, Sherri Schnipke, Major Bendross, T. Wright, and Officer Humphrey have filed a motion to dismiss the claims asserted against them by *pro se* Plaintiff Robert Frost, an inmate at Allen Correctional Institution, for failing to comply with the applicable statute of limitations or to state a claim upon which relief may be granted. (Doc. No. 8). Frost filed a brief in opposition, (Doc. No. 10), and Defendants filed a brief in reply. (Doc. No. 11). For the reasons stated below, I dismiss Frost's claims.

## II.    BACKGROUND

Frost alleges that, on February 13, 2017, McGee-Edwards issued him a conduct report that falsely stated Frost had exposed his penis to McGee-Edwards. (Doc. No. 1 at 4). On Februray 23, 2017, he was called for a hearing before the Rules Infraction Board ("R.I.B."), which was presided

over by Lt. Briley. Frost claims Briley suspended the hearing after some testimony was given and ordered that Frost be placed in a segregation cell. Briley then left for the day, leaving Frost in segregation, where he was allegedly denied food, mental health intervention, and the use of a bathroom. (*Id.*). Frost alleges he developed symptoms of depression, including suicidal thoughts, as a result of being placed in the segregation holding cell.

Frost asserts he filed an informal complaint, and subsequently a grievance, regarding the events of February 23, but his grievance and his appeals were denied. (*Id.* at 5). He alleges he "started Constant/Suicidal Watch and [a] hunger strike due to the [Defendants'] malicious and sadistic actions." (*Id.*). He also alleges he set up treatment meetings on May 8, 2018.

He alleges Defendants violated his Fourteenth Amendment due process rights and his Eighth Amendment protections against cruel and unusual punishment. He seeks compensatory and punitive damages.

### III.  STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss.[1] *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, a court may consider public records as well as documents attached to the motion to dismiss if those documents "are referred to in the plaintiff's complaint and are central to the

---

[1] Frost submitted various grievances and other institutional records with his brief in opposition to Defendants' motion to dismiss.

2

plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), abrogated on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

## IV. ANALYSIS

Defendants assert Frost's claims must be dismissed because they are barred by the statute of limitations. (Doc. No. 8 at 7-8). Defendant's statute-of-limitations argument is not persuasive. Section 1983 claims in Ohio are subject to a two-year statute of limitations. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). Frost alleges Defendants violated his constitutional rights on February 23 and 27, 2017, and that he exhausted the ODRC's grievance procedure on either August 8, 2017, when the ODRC Chief Inspector denied his appeal, or on September 28, 2017, when the Chief Inspector denied his direct grievance. (Doc. No. 1 at 5-6). Frost then filed suit on March 18, 2019.

The statute of limitations is tolled while the plaintiff exhausts administrative remedies. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Defendants' disagreement with this published Sixth Circuit decision, (Doc. No. 11 at 4-6), does not make that case any less binding on district courts. *Cochran v. Trans-Gen. Life Ins. Co.*, 60 F. Supp. 2d 693, 698 (E.D. Mich. 1999) ("It is a well-settled rule that a district court is bound by the decisions of the circuit court of appeals in which it sits."). Therefore, Frost filed his complaint within the two-year limitations period which, taking the allegations of the complaint as true and viewing them in the light most favorable to Frost, began no earlier than August 8, 2017.

This does not mean, however, that Frost may proceed with his claims. As I discuss below, I conclude Frost's official-capacity claims are barred by the Eleventh Amendment. Further, § 1915 states that a court "shall" dismiss a case commenced in forma pauperis if the plaintiff fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). I conclude Frost fails to state a claim for relief, even after taking into account the extra latitude provided to *pro se* filings. *See, e.g.,*

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting *pro se* pleadings must be held to less stringent standards than attorney filings).

### A. OFFICIAL CAPACITY

"The Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (2009)). Frost seeks only damages against all named defendants. (Doc. No. 1 at 8). Therefore, his claims against the ODRC and each of the individual defendants in their official capacities are barred by the Eleventh Amendment.

### B. DUE PROCESS CLAIMS

Frost alleges his due process rights were violated when McGee-Edwards issued a false conduct report, and by the manner in which Briley conducted the R.I.B. hearing based on that conduct report.[2]

Generally, "a prisoner has no constitutional right to an effective prison grievance procedure." *Hursey v. Anderson*, 2017 WL 3528206, at *2 (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)). Frost has no constitutional right to "be free from false accusations of misconduct," or to require that the state follow "all of its procedures." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citation omitted). Therefore, he fails to state a due-process claim based upon McGee-Edwards' alleged actions.

Further, while all that is required is that the R.I.B. decision have "some basis in fact," *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 456 (1985), Frost does not allege he in fact received an R.I.B. decision. He instead claims he did not receive a complete R.I.B.

---

[2] Frost also claims his rights were violated by the failure of the Chief Inspector for the ODRC to provide Frost with a copy of a report issued to the warden at Allen Correctional, and that the Chief Inspector violated his Eighth Amendment rights by failing to take action against Briley. (Doc. No. 1 at 7-8). The Chief Inspector is not a defendant in this action and therefore Frost cannot recover for any alleged wrongdoing by the Chief Inspector.

4

hearing. (Doc. No. 10-1 at 4). Notwithstanding the fact Frost fails to allege the R.I.B. process implicated any protected liberty interest, Frost had prior notice of the charges against him and had an opportunity to challenge the conduct report and the testimony against him at the hearing. (Doc. No. 10-1 at 1-2). He fails to show the Constitution affords him greater protections. *See, e.g., Powell v. Washington,* 720 F. App'x 222, 226 (6th Cir. 2017).

I conclude Frost fails to state a claim for the violation of his Fourteenth Amendment due process rights.

### C. EIGHTH AMENDMENT DELIBERATE INDIFFERENCE

Frost alleges Briley, Dyer, Wagner, Humphrey, Schnipke, and Wright violated his Eighth Amendment rights through cruel and unusual punishment and deliberate indifference to his serious medical needs. He claims he was subjected to cruel and unusual punishment when Briley "maliciously and sadistically" locked him into the segregation holding cell after terminating the R.I.B. hearing, and when he was denied lunch and the use of a bathroom. (Doc. No. 8 at 7).

By Frost's estimate, he was in the segregation holding cell for a total of approximately two hours and fifteen minutes – from 10:45 a.m. until 1:15 p.m., with the exception of 15-20 minutes when he was in the R.I.B. hearing. (Doc. No. 10-1 at 4). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Frost fails to show this brief alleged period of detention in segregation rises to the level of an Eighth Amendment violation.

Frost also contends these Defendants were deliberately indifferent to his serious medical needs when they failed to provide him with mental health care after he said he felt depressed and suicidal. (Doc. No. 8 at 7).

5

"To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The first part of this showing requires a prisoner show "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Perez v. Oakland Cnty.*, 466 F.3d 416, 423 (6th Cir. 2006) (quoting *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir.2004)).

The second part requires a showing that a defendant was deliberately indifferent, in that the defendant knew of and disregarded an excessive risk to inmate health or safety – "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Bishop*, 636 F.3d at 766–67 (quoting *Farmer*, 511 U.S. at 837). Prison officials show a deliberate indifference to a prisoner's medical need if they intentionally delay or deny access to medical care for a serious medical need. *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008).

Frost does not allege he has ever been diagnosed with a mental health condition which mandates treatment or that any mental-health symptoms he began suffering while in the segregation cell were so obvious that even a lay person would easily recognize he needed treatment. Moreover, Frost does not allege he suffered a physical injury as a result of his brief confinement in the segregation cell and therefore he cannot recover damages for any psychological injury he allegedly suffered. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional

injury suffered while in custody without a prior showing of physical injury.") (quoting 42 U.S.C. § 1997e(e)).

Finally, Frost also claims Wright, a mental health professional at Allen Correctional, acted with deliberate indifference when she did not come to evaluate him after he told staff members he was having suicidal thoughts. (Doc. No. 1 at 8). A § 1983 plaintiff must show each defendant's acts or omissions caused the alleged deprivation of his constitutional rights. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371 (1976). Frost does not allege he ever requested to speak with Wright, or that any staff member asked Wright to evaluate Frost. Frost fails to allege any basis for his assertion that Wright acted with deliberate indifference to his serious medical needs.

## V. CONCLUSION

For the reasons stated above, I grant in part Defendants' motion to dismiss and deny it in part. (Doc. No. 8). I dismiss Frost's claims against the ODRC and the individual Defendants in their official capacities as barred by the Eleventh Amendment and dismiss his claims against the individual Defendants in their individual capacities pursuant to § 1915(e) for failure to state a claim upon which relief may be granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

7